FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

INTERNATIONAL LONGSHORE &
WAREHOUSE UNION, Local 17,

Petitioner,

BLUE DIAMOND GROWERS,

Respondent - Intervenor,

v.

NATIONAL LABOR RELATIONS
BOARD,

Respondent.

No. 08-74148

NLRB Nos. 20-CA-32930
          20-CA-33195

MEMORANDUM *

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted December 11, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN, ** District
Judge.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The Honorable Barbara M.G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

Plaintiff International Longshore & Warehouse Union, Local 17 (the "Union") seeks review of a final order of the National Labor Relations Board (the "Board") dismissing the Union's unfair labor practice charges against Blue Diamond Growers (the "Company"). The Union alleges that the Company fired two employees for their union activity, in violation of Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (3), and that the Board's decision dismissing the charges is not supported by substantial evidence. We have jurisdiction pursuant to 29 U.S.C. § 160(f) and we affirm the Board's decision.

Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. The Union first argues that the Board erred in failing to remand to the Administrative Law Judge ("ALJ") to make specific credibility findings. While failure to make more than boilerplate comments regarding overall witness credibility may be grounds for overturning or remanding an ALJ's decision, remand is permissive, not mandatory, and we give great deference to the ALJ's credibility determinations. *See Retlew Broad. Co. v. NLRB*, 53 F.3d 1002, 1006 (9th Cir. 1995). Here, the ALJ explained that where any testimony conflicted with his findings, such testimony had been discredited. The Board did not err by failing to remand.

We cannot say that the Board's decision that the Company would have fired the employees even in the absence of their union activity was unsupported by substantial evidence in the record as a whole, and we therefore affirm. *See* 29 U.S.C. § 160(e); *Cal. Pac. Med. Ctr. v. NLRB*, 87 F.3d 304, 307 (9th Cir. 1996). The Company maintained a misappropriation rule that it had applied in the past to trash in the dumpster, and it had informed employees that permission was required to remove items from the trash. We will not reverse the Board's decision simply because there is evidence to the contrary, or because we would have decided the case differently on a de novo review. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *SKS Die Casting & Machining, Inc. v. NLRB*, 941 F.2d 984, 988 (9th Cir. 1991).

**AFFIRMED.**